UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| TIEMOKO COULIBALY, | : | | |
|---|---|---|---|
| Plaintiff, | : | Civil Action No.: | 17-291 (RC) |
| v. | : | Re Document No.: | 8 |
| MIKE POMPEO,[1] U.S. SECRETARY OF STATE, *et al.*, | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

GRANTING DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

This is one case in a series of actions filed by *pro se* Plaintiff Dr. Tiemoko Coulibaly related to his employment with and termination from the U.S. Department of State ("State Department"). Dr. Coulibaly asserts eleven counts against the Secretary of State, the State Department's Office of the Inspector General ("OIG"), and twenty-one current or former employees of the State Department. Specifically, Dr. Coulibaly brings claims pursuant to Titles VI and VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983; and tort law. In some of the counts, Dr. Coulibaly asks this Court to consider claims that he previously attempted to bring in a rejected proposed amended complaint filed in an earlier suit. Defendants move to dismiss Dr. Coulibaly's complaint, arguing that it is barred by the rule against claim-splitting and

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes Mike Pompeo as a defendant. *See* Fed. R. Civ. P. 25(d).

that, in any event, Dr. Coulibaly has failed to state claims upon which relief may be granted. For the reasons explained below, this Court grants Defendants' motion to dismiss.

## II. FACTUAL BACKGROUND

This Court presumes familiarity with its prior Opinions in Dr. Coulibaly's related litigation in *Coulibaly v. Kerry*, 14-cv-189 (D.D.C.) ("*Coulibaly I*"), and the Court takes judicial notice of the docket in that case. Dr. Coulibaly is an African American originally from Ivory Coast. *See Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 105 (D.D.C. 2016). In 1999, he was contracted as a French language instructor at the State Department's Foreign Service Institute ("FSI"). *Id.* In June 2011, FSI hired him as an employee for a two-year term. *Id.* at 108–09. From his time as a contractor to his termination in 2012, Dr. Coulibaly was involved in numerous conflicts with his supervisors, some of which led him to file Equal Employment Opportunity ("EEO") complaints alleging discrimination and retaliation. *See id.* at 106–19. In the months after filing these complaints, Dr. Coulibaly's relationship with his supervisors deteriorated even further. *See id.* at 115–19. Dr. Coulibaly alleged that workplace discrimination had caused him to become ill. *Id.* at 119. At the direction of his doctor, Dr. Coulibaly took leave from work between mid-February and late March 2012. *Id.*

After his leave of absence, Dr. Coulibaly returned to work only briefly. *See id.* In April 2012, FSI terminated him. *Id.* The termination letter cited Dr. Coulibaly's "inappropriate interactions with [his] supervisors, and [his] failure to follow established procedures for requesting leave." *Id.* at 119; Letter from Catherine Russell to Tiemoko Coulibaly (Apr. 2, 2012), Pl.'s Resp. Defs.' Mot. to Dismiss Ex. 6, at 25, No. 14-cv-189 (D.D.C.), ECF No. 36-2.

Dr. Coulibaly subsequently filed two actions in this Court against the Secretary of State and other State Department-affiliated individuals in connection with the aforementioned events.

*See generally Coulibaly I*, 14-cv-189 (D.D.C.)*; Coulibaly v. Kerry*, 14-cv-712 (D.D.C.). Most relevant to the present action is *Coulibaly I*, in which Dr. Coulibaly pursued claims against the United States, the Secretary of State, and other current or former employees of the State Department, the Merit Systems Protection Board ("MSPB"), and the Equal Employment Opportunity Commission ("EEOC") for alleged discrimination and retaliation; and violations of the First Amendment, tort law, contract law, and various federal and District of Columbia statutes. *See Coulibaly*, 213 F. Supp. 3d at 121–22, 132–33, 152, 154, 158. Dr. Coulibaly also requested leave to file a fourth amended complaint to incorporate additional counts, including claims of violations of Title VI of the Civil Rights Act; 42 U.S.C. §§ 1981, 1982, 1983; and civil conspiracy. *See id.* at 160; Proposed Fourth Am. Compl. ¶¶ 375–94, 541–42, 14-cv-189 (D.D.C), ECF No. 36-1. In a lengthy opinion, this Court dismissed or granted summary judgment on most of Dr. Coulibaly's claims.[2] *See Coulibaly*, 213 F. Supp. 3d at 104.

This Court also denied Dr. Coulibaly's motion for leave to amend the complaint, explaining that "many counts of Dr. Coulibaly's proposed amended complaint duplicate counts in the current complaint that the Court deems cannot proceed." *Id.* at 160. Furthermore, this Court noted that many of the proposed amendments would be futile, that some of Dr. Coulibaly's proposed claims appeared to be based on entirely unrelated facts and on distinct legal theories, and that Dr. Coulibaly's action had already been pending for two years at the time that the Court had issued its opinion and permitting amendment would further delay the litigation. *See id.*

---

[2] Only four of the twenty-two counts survived the motion to dismiss: a First Amendment claim, a Title VII hostile work environment claim, a wrongful discharge claim, and a retaliation claim. *See Coulibaly*, 213 F. Supp. 3d at 104–05. The remaining claims were later consolidated with *Coulibaly v. Kerry*, 14-cv-712, another of Dr. Coulibaly's pending actions before this Court. *See* Order Consolidating Cases, No. 14-cv-189 (D.D.C.), ECF No. 67.

Dr. Coulibaly then initiated the present action in February 2017. *See generally* Compl., ECF No. 1. Here, Dr. Coulibaly alleges that Defendants intentionally mishandled and sabotaged three of his EEO complaints. Compl. ¶¶ 3, 7, 23. He also alleges that Defendants violated Titles VI and VII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1982, 1983; and tort law. Compl. ¶¶ 39–101. Similar to *Coulibaly I*, Dr. Coulibaly sues the Secretary of State, the State Department's OIG, and current or former employees of the State Department's FSI and Office of Civil Rights ("OCR"). *Compare* Compl. at 1–5, *with* Compl., No. 14-cv-189 (D.D.C.), ¶¶ 5–6, ECF No. 1. Dr. Coulibaly asserts eleven counts against the Secretary of State, in his official capacity, and against all other defendants, in their official and individual capacities, Compl. ¶¶ 20–22, alleging: (1) "Mishandling of Each of the Three EEO Complaints Before this Court," Compl. ¶¶ 39–40; (2) retaliation, Compl. ¶ 44; (3) hostile work environment, Compl. ¶¶ 48–49; (4) disability discrimination, Compl. ¶ 53; (5) discrimination based on race, color, and national origin, Compl. ¶ 57; (6) violation of 42 U.S.C. § 1983, Compl. ¶ 64; (7) violation of 42 U.S.C. § 1981, Compl. ¶ 70; (8) violation of § 1982, Compl. ¶ 84; (9) retaliation under 42 U.S.C. § 1981, Compl. at p. 28; *see also* Compl. ¶ 70; (10) violation of Title VI of the Civil Rights Act of 1964, Compl. ¶¶ 95–96; and (11) civil conspiracy, Compl. ¶¶ 100–01. Counts 6–10 appear to restate claims that Dr. Coulibaly attempted to add in the rejected proposed fourth amended complaint in *Coulibaly I*. *See* Compl. ¶¶ 60 ("Plaintiff previously presented this claim in his fourth Amended Complaint filed with this honorable Court in the case 14-0189 (RC) and respectfully asks the Court to consider it here."), 68 (same), 78 (same), 90 (same), 94 (same); *see also Coulibaly*, 213 F. Supp. 3d at 160.

Defendants move to dismiss the complaint in its entirety, asserting that Dr. Coulibaly has engaged in impermissible claim-splitting and that, in any event, his complaint fails to state

claims upon which relief can be granted. Defs.' Mot. to Dismiss Compl. & Mem. L ("Defs.' MTD") at 3–14, ECF No. 8. Defendants' motion is now ripe for decision.

## III. ANALYSIS

Defendants move to dismiss Dr. Coulibaly's complaint, arguing that it asserts the same or similar claims as those that he previously attempted to bring in a rejected proposed fourth amended complaint in *Coulibaly I*. Defs.' MTD at 3–6. Alternatively, Defendants argue that the claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); Defs.' MTD at 6–13. As explained below, this Court grants Defendants' motion to dismiss the complaint because, though the rule against claim-splitting does not bar Dr. Coulibaly from bringing these claims, he has failed to state any claims upon which relief can be granted.

### A. The Rule Against Claim-Splitting Does Not Bar Dr. Coulibaly's Claims

Defendants argue that Dr. Coulibaly's claims in this action should be barred under the rule against claim-splitting. Defs.' MTD at 3–6. The Court concludes that Dr. Coulibaly's claims are not barred by the rule against claim-splitting.

Claim-splitting occurs when a "plaintiff seeks 'to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time.'" *Clayton v. Dist. of Columbia*, 36 F. Supp. 3d 91, 94 (D.D.C. 2014) (citation omitted). Stated differently, "[t]he rule against claim splitting 'requires that all claims arising out of a single wrong be presented in one action.'" *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 212 (D.D.C. 2011) (citation omitted). The purpose of this restriction is to "ensure fairness to litigants and to conserve judicial resources." *Clayton*, 36 F. Supp. 3d at 94 (citation omitted).

Defendants contend that Dr. Coulibaly's claims appear to be "duplicative pleadings" against "the same parties as those named in . . . *Coulibaly I*," "proceeding at the same time" as *Coulibaly I*, and involve facts that are "substantially similar and relate[d] to the same subject matter of the claims at issue in *Coulibaly I*." Defs.' MTD at 4. And Defendants allege that some of these claims mirror those that "were dismissed or [are] still pending" in *Couliably I*. Defs.' MTD at 4. But this Court's denial of Dr. Coulibaly's motion for leave to add claims and defendants in *Coulibaly I* is insufficient to bar the rejected claims from the present action.

In *Coulibaly I*, this Court refused Dr. Coulibaly's request to add claims primarily out of concern that permitting amendment would further delay already-protracted litigation. *See Coulibaly*, 213 F. Supp. 3d at 160 (citing *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 344 (D.C. Cir. 1997) (explaining that, in deciding whether to allow a party to amend a complaint, courts may consider "undue delay . . ., undue prejudice to the opposing party . . ., [and] futility of amendment")). But a court's denial of a request to amend a long-pending complaint due to a desire to move the litigation forward does not necessarily translate to barring a plaintiff from ever bringing proposed claims in a separate lawsuit. *See, e.g.*, *Neff v. Std. Fed. Bank*, No. 2:06-cv-856, 2008 U.S. Dist. LEXIS 37729, at *11–12 (S.D. Ohio May 8, 2008) (rejecting defendants' contention that a court's denial of plaintiff's motion to amend a complaint barred the plaintiff from bringing those proposed claims in a subsequent action). It is true that the Court observed in *Coulibaly I* that "much of Dr. Coulibaly's proposed amended complaint [wa]s futile." *Coulibaly*, 213 F. Supp. 3d at 160. However, the Court also noted that other proposed amendments were "based on entirely unrelated facts." *Id.* And the Court did not delineate which proposed claims were futile and which were based on new and unrelated events. *See id.* Thus, this the Court cannot fairly and reasonably look only to statements about the

futility of some of Dr. Coulibaly's rejected amendments as a basis for barring the present litigation. *Cf. Neff*, 2008 U.S. Dist. LEXIS 37729, at *11–12 ("The Court . . . disagrees with [Defendant's] contention that decisions on motions to amend typically are res judicata to further action on the claims sought to be included in the amended pleading.") (citation and internal quotation marks omitted). Furthermore, it appears that many of the claims brought in this case arise out of different purported wrongs than claims asserted in the earlier action. *Compare* Compl. ¶¶ 39–101, *with* Compl., No. 14-cv-189 (D.D.C.), ¶¶ 70–97. Accordingly, the Court concludes that claim-splitting does not bar Dr. Coulibaly's complaint.

### B. Dr. Coulibaly Fails to State Claims Upon Which Relief May Be Granted

Having determined that claim-splitting does not bar Dr. Coulibaly's complaint, the Court next considers Defendants' other contentions. Defendants argue that, "[t]o the extent that Plaintiff's Complaint is not dismissed for claim-splitting, it should be dismissed for failure to state a claim under Rule 12(b)(6)." Defs.' MTD at 6. The Court agrees that Dr. Coulibaly has not stated any claims upon which relief can be granted. Accordingly, the Court grants Defendants' motion to dismiss Dr. Coulibaly's complaint.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Rather, plaintiffs must "nudge[]

7

their claims across the line from conceivable to plausible," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. It is not necessary for the plaintiff to plead all elements of his *prima facie* case in the complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511–14 (2002); *Bryant v. Pepco*, 730 F. Supp. 2d 25, 28–29 (D.D.C. 2010).

A court considering a motion to dismiss a complaint for failure to state a claim presumes that the factual allegations of the complaint are true and construes those allegations liberally in the plaintiff's favor. *See Ramirez de Arellano v. Weinberger*, 745 F.2d 1500, 1506 (D.C. Cir. 1984), (citing *Shear v. N.R.A.*, 606 F.2d 1251, 1253 (D.C. Cir. 1979)), *vacated on other grounds*, 471 U.S. 1113 (1985). A *pro se* plaintiff's complaint is held to even "less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, *pro se* plaintiffs must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). And the Court need not assume the role of advocate for a *pro se* plaintiff. *See Sun v. D.C. Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[I]t is not the Court's job to canvass the record for documents supporting a *pro se* party's position."); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002). As explained below, the Court dismisses each of Dr. Coulibaly's eleven counts.

*1. Title VII Provides Dr. Coulibaly No Cause of Action Against Defendants for Their Handling of the EEO Complaints (Counts 1–5)*

Dr. Coulibaly brings Counts 1–5 under Title VII, alleging that the State Department's OCR mishandled his EEO complaints. Compl. ¶¶ 23–58. Defendants argue that Dr. Coulibaly fails to assert viable claims because Title VII provides no cause of action for the "alleged mishandling of an administrative EEO complaint." Defs.' MTD at 3–8. In response, Dr. Coulibaly argues that Title VII "authorized [a] private cause of action against the agency." Pl.'s

8

Resp. to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 9–11, ECF No. 17. This Court agrees with Defendants' conclusion, and dismisses Counts 1–5.

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) (citations omitted). This limitation extends to the State Department's OCR, which qualifies as a federal agency's EEO office. *See Coulibaly*, 213 F. Supp. 3d at 115 ("The [State Department's] Office of Civil Rights filed Dr. Coulibaly's [EEO] complaint . . . ."); *Brodetski v. Duffey*, No. 98-732, 2001 U.S. Dist. LEXIS 12590, at *13 (D.D.C. Mar. 28, 2001) ("Title VII does not provide a cause of action against EEO complaint processing offices located within federal agencies."); *see, e.g.*, *Svenson v. Thomas*, 607 F. Supp. 1004, 1005–06 (D.D.C. 1985) (dismissing plaintiff's Title VII action against the Department of Labor's EEO office for alleged improper processing and handling of plaintiff's EEO complaints). It follows that a plaintiff does not have a cause of action against the State Department's OCR for alleged deficiencies in the processing or mishandling of a discrimination complaint. *See Smith*, 119 F.3d at 34; *Koch v. White*, 967 F. Supp. 2d 326, 336 (D.D.C. 2013) ("The D.C. Circuit's analysis [in *Smith*] is equally applicable to allegations of improper handling of a complaint by the EEO office of a federal agency, which provides a function analogous to the EEOC."); *see also Brodetski*, 2001 U.S. Dist. LEXIS 12590, at *11 ("[I]mplying a cause of action against the EEOC contradicts this policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the [EEOC] in fruitless litigation with charging parties.").

Counts 1–5 each concern the OCR's conduct: Dr. Coulibaly alleges "mishandling of EEO discrimination complaint[s]" in Count 1, Compl. ¶ 40; that Glenn Budd, a supervisor at the

OCR, "instruct[ed] his staff to delete [Dr. Coulibaly's] medical documentation and to prevent fair resolution of four previous EEO complaints" in Count 2, Compl. ¶¶ 22, 44; hostility against Dr. Coulibaly after the filing of each "EEO discrimination complaint" that "challeng[ed] frivolous explanations, violations of EEO laws and regulations" in Count 3, Compl. ¶ 49; "mental and physical" injuries resulting from that hostility and "mishandling of the EEO complaints" in Count 4, Compl. ¶¶ 53–54; Pl.'s Opp'n at 14; and "continuing discrimination based on race, national origin and color, like in the previous EEO discrimination complaints" in Count 5, Compl. ¶ 57. As mentioned above, in *Smith*, the Circuit expressly provided that "no cause of action against the EEOC exists for challenges to its processing of a claim." *Smith*, 119 F.3d at 34. By extension, Dr. Coulibaly has no cause of action against the OCR because it is considered a federal agency's EEO office. *See Koch*, 967 F. Supp. 2d at 336. Thus, Counts 1–5 fail to state proper claims.

Dr. Coulibaly contends that *Smith* clarifies that he *has* stated an actionable Title VII claim. Specifically, Dr. Coulibaly relies on the D.C. Circuit's statement that "Congress intended the private right of action provided for in section 706(f)(1) of the Act (42 U.S.C. § 2000e-5(f)(1))—under which an aggrieved employee may bring a Title VII action directly against his or her employer—to serve as the remedy for any improper handling of a discrimination charge by the EEOC." *See* Pl.'s Opp'n at 9 (citing *Smith*, 119 F.3d at 34). From this, Dr. Coulibaly concludes that "the D.C. Circuit Court of Appeals authorized [a] private cause of action against the agency for 'any improper handling of a discrimination charge by the EEOC.'" *Id.* But *Smith* does not stand for that proposition.

Dr. Coulibaly misinterprets the holding in *Smith* by confusing the right to bring a discrimination action directly against an employer for a purported act of discrimination, with the

right to bring such action against any component office of the employer. *See Smith*, 119 F.3d at 34; Pl.'s Opp'n at 9–11; Defs.' Reply Supp. MTD ("Defs.' Reply") at 1–3, ECF No. 21. Dr. Coulibaly fails to consider that the Circuit plainly and expressly stated that "no cause of action against the EEOC exists for challenges to its processing of a claim." *Smith*, 119 F.3d at 34. If the agency's EEO office mishandles an EEO claim against the agency, the claimant's remedy is to bring *those* claims to the Court, not new claims concerning the alleged mishandling. Dr. Coulibaly is already pursuing his substantive EEO discrimination and retaliation claims against the agency in his prior lawsuit. Because Dr. Coulibaly has no cause of action against the OCR, Dr. Coulibaly fails to state claims upon which relief may be granted. Accordingly, the Court dismisses Counts 1–5.

### 2. *Dr. Couliably's Non-Title VII Claims Are Preempted by Title VII or Are Otherwise Inactionable (Counts 6–10)*

In addition to his Title VII claims against Defendants, Dr. Coulibaly also asserts Counts 6–10 under 42 U.S.C. §§ 1981, 1982, 1983 and Title VI of the Civil Rights Act of 1964. *See* Compl. ¶¶ 59–101. Defendants argue that all of these claims should be dismissed because Title VII preempts them and, in any event, Dr. Couliably fails to state claims upon which relief may be granted. *See* Defs.' MTD at 6–14. This Court agrees with Defendants, and dismisses the Section 1981, 1982, and 1983 claims because they are each preempted by Title VII, and dismisses the Title VI claim because it is otherwise inactionable in the present case.

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. GSA*, 425 U.S. 820, 835 (1976). Because Congress intended Title VII to be "exclusive and pre-emptive," *id.* at 829, federal employees "must bring discrimination claims against their employers under Title VII." *Hamilton v. Dist. of Columbia*, 720 F. Supp. 2d 102, 110 (D.D.C. 2010) (citing *Brown*, 425 U.S. at 828–29). Where "the same set of facts

11

supports a Title VII claim and a non-Title VII claim against a federal employer, the Title VII claim preempts the non-Title VII claim." *Bergbauer v. Mabus*, 810 F. Supp. 2d 251, 260 (D.D.C. 2011) (citations omitted); *see, e.g.*, *Jones v. Dist. of Columbia*, 879 F. Supp. 2d 69, 87 (D.D.C. 2012) (dismissing 42 U.S.C. § 1983 claim on grounds of Title VII preemption); *Prince v. Rice*, 453 F. Supp. 2d 14, 25 (D.D.C. 2006) (dismissing 42 U.S.C. § 1981 claim on grounds of Title VII preemption). Stated differently, a federal employee is barred from pursuing relief for a non-Title VII claim when Title VII provides the appropriate remedy. Title VII's preemptive effect applies to claims against both individual supervisors and federal agencies. *See Bergbauer*, 810 F. Supp. 2d at 260.

First, Dr. Coulibaly's claims under Section 1981 are preempted by Title VII. Dr. Coulibaly asserts that Defendants denied his "right to be hired" by putting him in "unfair and unconscionable" employment contracts (Count 7), and retaliated against him by "making" and "enforcing" those contracts (Count 9). Compl. ¶ 70; *id.* at 28. But "claims covered by Title VII may not be brought under other federal statutes, including 42 U.S.C. § 1981." *Strong-Fisher v. Lahood*, 611 F. Supp. 2d 49, 53 (D.D.C. 2009) (citations omitted); *see, e.g.*, *Prince*, 453 F. Supp. 2d at 25 (dismissing Section § 1981 claim on grounds of Title VII preemption). Given that Title VII provides the exclusive remedy and that Dr. Coulibaly appears to rely on the same set of facts concerning alleged discrimination to support his Title VII and Section 1981 claims, Dr. Coulibaly must pursue his claims about purported damage to him and to his family due to the actions of his employer under Title VII. *See Hamilton*, 720 F. Supp. 2d at 110 (citing *Brown*, 425 U.S. at 828–29). Therefore, Dr. Coulibaly's Section 1981 claim is barred.

Second, Dr. Coulibaly's Section 1983 claim is also preempted by Title VII. Dr. Coulibaly alleges that Defendants "caused serious damage[] to [him] and to his family" under

Section 1983 (Count 6). Compl. ¶ 64. But the right to be free from injury "for protected activity under Title VII must be remedied by Title VII and not [Section] 1983." *Jones*, 879 F. Supp. 2d at 87 (citation omitted). Here again, Title VII provides the exclusive remedy and Dr. Coulibaly appears to rely on the same set of facts to support both his Title VII and Section 1983 claims. *See id.* ("Plaintiffs are foreclosed from bringing claims under [Section] 1983 for retaliation" when the "cause of action is based on a violation of Title VII" ) (citation and internal quotation marks omitted). As a result, Dr. Coulibaly's Section 1983 claim is barred from being asserted against Defendants.

Third, Dr. Coulibaly's Section 1982 claim is preempted by Title VII as well. Dr. Coulibaly asserts that he was "deprived of his employment" in violation of Section 1982 (Count 8). *See* Compl. ¶ 84. But this claim is subject to Title VII's preclusive effect for the same reasons that the Section 1981 and 1983 claims are preempted. *Cf. Prince*, 453 F. Supp. 2d at 25 (concluding that Title VII preempted a Section 1981 claim); *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 448 (2008) ("The [Supreme] Court has construed [Sections] 1981 and 1982 alike because it has recognized the sister statutes' common language, origin, and purposes."). Thus, the Court must also dismiss Dr. Coulibaly's Section 1982 claim.

Last, Dr. Coulibaly's Title VI claim is inactionable. Dr. Coulibaly argues that he was discriminated against by a federally-funded program in violation of Title VI (Count 10). *See* Compl. ¶¶ 95–96. Defendants argue that this claim should be dismissed because "Title VII provides [Dr. Coulibaly] with the exclusive remedy to seek any available redress for any unlawful employment actions." Defs.' MTD at 13; *see* Defs.' Reply at 4. The Court agrees that Dr. Coulibaly's claim must be dismissed, but it does so for a different reason than the one cited by Defendants.

Title VI, 42 U.S.C. § 2000d, states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Id.* § 2000d. The statutory definition of "program" does not include federal agencies or programs operated by federal agencies. *See Williams v. Glickman*, 936 F. Supp. 1, 5–6 (D.D.C. 1996) (citing *Fagan v. U.S. Small Bus. Admin.*, 783 F. Supp. 1455, 1456 n.10 (D.D.C. 1992)). And courts neither included federal agencies nor programs operated by federal agencies in their interpretations of Title VI before "program" was statutorily defined. *See Williams*, 936 F. Supp. at 6 ("Title VI was meant to cover only the situations where federal funding is given to a non-federal entity which, in turn, provides financial assistance to the ultimate beneficiary.").

Here, the OCR is an internal department operated by and through the State Department, a federal agency. *See Coulibaly*, 213 F. Supp. 3d at 115; *see also Brodetski*, 2001 U.S. Dist. LEXIS 12590, at *13. It follows that the OCR is a program operated by a federal agency not encompassed by the statutory definition of "program." *See* 42 U.S.C. § 2000d-4a; *Williams*, 936 F. Supp. at 5–6 ("Significantly, the statutory definitions of 'program or activity' and 'program' do not include federal agencies. Thus, Title VI does not apply to programs conducted directly by federal agencies."). Therefore, Title VI does not provide Dr. Couliably a right to relief against the OCR.

In sum, Dr. Coulibaly's Section 1981, 1982, and 1983 claims are barred because Title VII provides the exclusive remedy. And Title VI does not provide a cause of action for Dr. Couliably's claim against the OCR. Accordingly, this Court dismisses Counts 6–10.

### 3. *Dr. Coulibaly Fails to State a Civil Conspiracy Claim (Count 11)*

Finally, Dr. Coulibaly brings a civil conspiracy claim against Secretary Pompeo in his official capacity and against persons at the State Department, OCR, and OIG in their official and personal capacities. Compl. ¶¶ 20–22, 100–01. Specifically, Dr. Coulibaly appears to assert a civil conspiracy claim for "discrimination" and "retaliation." Compl. ¶ 100. In response, Defendants argue that Dr. Coulibaly fails to state a claim under the Federal Tort Claims Act ("FTCA"), which "is the exclusive avenue for relief" for a civil conspiracy claim against federal employee-defendants for actions taken during the course of employment. Defs.' MTD at 13; *see, e.g.*, *Al-Tamimi v. Adelson*, 264 F. Supp. 3d 69, 83–84 (D.D.C. 2017). Defendants contend that Dr. Coulibaly "has not complied with the administrative prerequisites for such claim, and has not sued the correct defendant for such a claim." Defs.' MTD at 13–14. This Court dismisses Count 11 for the reasons explained below.

When federal employees are sued in their official capacities, the federal government, its agencies, and federal officials are shielded from actions for damages unless sovereign immunity has been waived. *See Friends of the Earth v. EPA*, 934 F. Supp. 2d 40, 45–46 (D.D.C. 2013) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)). For tort claims, the relevant waiver of sovereign immunity is the FTCA, 28 U.S.C. §§ 2671 *et seq. See Meyer*, 510 U.S. 476–77. The FTCA provides that the United States may be liable "for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of any federal employee acting within the scope of his or her employment. *See* 28 U.S.C. § 1346(b)(1); *see also id.* § 2674 (declaring that "[t]he United States shall be liable" for tort claims as described in Section 1346). Importantly, the FTCA precludes suits against federal-employee defendants in their individual capacities. *See*

*Montgomery v. Comey*, 300 F. Supp. 3d 158, 171 (D.D.C. 2018) (citing *Johnson v. United States*, 642 F. Supp. 2d 1, 3 n.3 (D.D.C. 2009) ("Only the United States is a proper defendant to a claim under the FTCA. Therefore, a claim under the FTCA against [a federal official] in his individual capacity must be dismissed for lack of subject matter jurisdiction.")).

A plaintiff who believes that a federal agency violated his rights must exhaust all administrative remedies before filing an FTCA suit in federal court. *See Grant v. Sec'y*, No. 03-5260, 2004 U.S. App. LEXIS 1787, at *1–2 (D.C. Cir. Feb. 4, 2004) (per curiam) (citations omitted). To do so, a claimant must have "(1) presented a federal agency with a claim describing, with particularity, the alleged injury and damages and (2) either received a written denial of the claim from the agency or waited six months from the date of filing without obtaining a final agency disposition." *Totten v. Norton*, 421 F. Supp. 2d 115, 122 (D.D.C. 2006); *see* 28 U.S.C. § 2675(a). Even in cases where the plaintiff is proceeding *pro se*, he has the burden of establishing the Court's jurisdiction over the claim by demonstrating that he has exhausted these administrative prerequisites. *See Totten*, 421 F. Supp. 2d at 122–23; *see, e.g.*, *Smalls v. Emanuel*, 840 F. Supp. 2d 23, 35 (D.D.C. 2012) (dismissing *pro se* plaintiff's tort claim for failing to satisfy FTCA's administrative requirements).

The Court agrees with Defendants that Dr. Coulibaly's FTCA claim must be dismissed. First, Dr. Coulibaly is barred from alleging an FTCA claim against any Defendant except for the United States. *See* 28 U.S.C. § 2674 ("The United States shall be liable . . . [for] tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."). So even if sovereign immunity is waived, a civil conspiracy claim can only proceed against the United States. *See Montgomery*, 300 F. Supp. 3d at 171 ("The FTCA instructs . . . that the exclusive remedy for a common law tort . . . is an action against the United States rather than

against the individuals or the particular government agencies." (citation and internal quotation marks omitted)); *cf. Al-Tamimi*, 264 F. Supp. 3d at 84 (holding that civil conspiracy "is not actionable in and of itself" but instead is a means to establish "vicarious liability for the underlying wrong[s]" (citation and internal quotation marks omitted)). The claims brought against all other Defendants in their official and individual capacities are thereby improper.

Second, Dr. Coulibaly has not demonstrated that he has exhausted his administrative remedies under the FTCA to pursue a claim against the United States. For example, Dr. Coulibaly has not shown that he has filed an FTCA claim with the appropriate agency or that he received a written denial of his claim. *See Totten*, 421 F. Supp. 2d at 122; *see* 28 U.S.C. § 2675(a). Therefore, this Court is "deprive[d] . . . of jurisdiction to hear a tort claim against the federal government." *See Totten*, 421 F. Supp. 2d at 122–23 (citations omitted). Accordingly, this Court dismisses without prejudice Count 11, the civil conspiracy claim against Defendants in their official and individual capacities.

### IV. CONCLUSION

Although the rule against claim-splitting does not preclude Dr. Coulibaly from asserting his claims, the Court concludes that Dr. Coulibaly fails to state any claims upon which relief may be granted. For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss the complaint in its entirety. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 17, 2018                                                    RUDOLPH CONTRERAS
                                                                                                    United States District Judge